Van Voorhis, J.
(dissenting). If the defect in the Mexican decree of divorce consisted in anything except that the couple were not legally married in the beginning, the Mexican decree would doubtless be held not to be subject to collateral attack in New York State for the reason that it could not be attacked collaterally in Mexico (see cases cited in the first paragraph of Judge Burke’s dissenting opinion). The court is holding, in essence, that the Mexican decree can be attacked collaterally on the single ground that the parties to it could have obtained an annulment instead of a divorce, which would have *410 likewise freed them from the bonds of matrimony and which, to that extent, would not have conflicted with the decree of divorce. So construed, this reasoning runs, the divorce decree added nothing to what could have been obtained by annulment with the consequence that it was ineffective either as an adjudication of the existence of the marriage to be dissolved or of the separation agreement which was entered into before the divorce and when they purported to be husband and wife. It seems to me that, since the decree cannot be attacked collaterally, in Mexico or here, by reason of any other defect in the Mexican court’s jurisdiction of the subject matter, collateral attack should not be allowed upon the ground that there was no marriage to dissolve. In my view, the Mexican decree establishes conclusively the validity of the marriage and of the separation agreement unless it be vacated on direct attack in the jurisdiction in which it was rendered.